*Day, C. J.
The plaintiff in error was indicted and convicted under the second section of “ an act to provide for the punishment of certain crimes therein named,” which is as follows:
“ That any physician, or other person, who shall administer to-any woman pregnant with a quick child, any medicine, drug, or substance whatever, or shall use or employ any instrument or other means, with the intent thereby to destroy such child, unless the same shall have been necessary to preserve the life of such mother, or shall have been advised by two physicians to be necessary for such purpose, shall, in case of the death of such child or mother, in consequence thereof, be deemed guilty of a high misdemeanor,” etc. S. & C. Stat. 440.
On the trial, after the evidence had been given, the plaintiff in-error “ asked the court to charge the jury that it was necessary, in order to convict, for the state to show that the producing the abortion was not necessary to preserve the life of the mother; which charge the court refused to give, but charged the jury that it was not necessary, and did not devolve upon the state to prove that the *103 producing the abortion was not necessary to preserve the life of the mother.”
To the refusal to charge as requested, and to the charge as given, exceptions were duly taken, and these rulings are now assigned for error.
The only question presented is, whether it was incumbent on the state to prove “that the producing the abortion was not necessary to preserve the life of the mother.”
The negative matter in the statute enters into the description of the offense, and was therefore necessarily averred in the indictment.
In such cases, it is a general rule that some proof must be given to sustain such negative allegations.
Exceptions to the rule obtain only when the proof is readily at the command of the defendant, and is practically beyond the reach of the state.
The circumstances attending the procurement of an abortion, tending to prove that it was unnecessary for the purpose of preserving the life of the mother, ordinarily can be shown *quite as easily, on the part of the prosecution, as it can be proved by the defendant that it was necessary for that purpose.
Upon the principles settled in the case of Cheadle v. The State, 4 Ohio St. 477, and the authorities there cited, we think the charge complained of was erroneous.
The question was not made, and it is not, therefore, necessary for us to decide whether it devolved upon the state to prove that the abortion was not advised by two physicians to be necessary to preserve the life of the mother.
It may not, however, be improper to remark that, from the nature of the case, it might be impossible for the state to prove that such advice was not given; while it could, generally, be easily produced by the defendant, and that therefore the burden of proving this negative matter would not fall within the rule that controls the production of proof as to the other negative clause.
There is, moreover, an obvious difference in the import of the two negative clauses of the statute. The statute does not declare every procurement of an abortion to be an offense, but does so only when it is not done for the purpose of saving the life of the mother. The absence of this necessity is, then, so far descriptive of the *104 crime, that the offense can not be established without proof that such necessity did not exist.
It is the producing an abortion in the absence of such necessity, that, upon the theory of the statute, constitutes the offense. Prooí that it was done without this necessity would establish the crime, within the spirit and reason of the statute. But the defendant might admit that it was done without the advice of two physicians, and still it might have been absolutely necessary to save the life of the mother; nay, it may have been done when it was impossible to obtain the advice of another physician, or of two physicians, in time to save the life of the mother.
It is the absence of the necessity of saving life, that is the essential part of the negative clauses, which enters into the statutory description of the offense; and, in the contemplation of the statute, the advice of two physicians is sufficient evidence of the existence of such necessity.
*Since, then, such advice is only evidence of the necessity that forms the essential negative description of the crime in both negative clauses, and as it may usually be readily shown by the accused, and must ordinarily be so difficult, if not impossible, to be shown on the part of the prosecution, it might well be held, upon reason as well as authority, that it is unnecessary for the state to prove that the producing the abortion was not advised by two physicians further than such negative fact may be implied from the proof that it was not necessary to preserve the life of the mother.
Nor would it follow (as claimed by counsel for the state), for reasons already indicated, that, if it be unnecessary for the state to prove the want of the advice mentioned in the second negative clause, it would be equally unnecessary to prove the absence of the necessity to save life.

Judgment reversed.

White, Welch, Brinkerhoee, and Scott, JJ., concoired.